IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE J. FREEMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-72-ECM |
| | ) | [WO] |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On September 29, 2026, this Court entered an Order and Final Judgment adopting the Magistrate Judge's Recommendation and dismissing this case without prejudice for lack of subjection matter jurisdiction. (Docs. 17, 18). The Plaintiff had not filed any objections to the Recommendation. Now pending before the Court is the Plaintiff's motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or in the alternative, for relief pursuant to Rule 60. (Doc. 19). For the reasons explained below, the Plaintiff's motion is due to be denied.

Under Rule 59(e), a party may seek to alter or amend a judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir.

1998)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248, at *1 (M.D. Ala. 2012).[1] "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alterations in original) (citation omitted).

The Plaintiff seeks to alter or amend the judgment on the grounds that he objected to the dismissal of this case, pointing to his June 30, 2026 filing, (*see* doc. 15). The Plaintiff's June 30, 2026 filing was a response to the Magistrate Judge's order to show cause why the case should not be dismissed. (*See* doc. 14). Although the Plaintiff responded to the order to show cause, the record reflects that Plaintiff did not file any objections to the Magistrate Judge's subsequent Recommendation that the case be dismissed.

The Plaintiff fails to demonstrate entitlement to Rule 59 relief for at least two reasons. To the extent he argues that this case should not have been dismissed for the reasons he articulated in his June 30, 2026 filing, (doc. 15), Rule 59 relief is foreclosed because it is not a vehicle for "relitigat[ing] old matters." *See Arthur*, 500 F.3d at 1343. Second, the Court discerns no legal or factual error, let alone manifest error, in the judgment. For these reasons, Rule 59(e) relief is not warranted.

Additionally, the Court finds that the Plaintiff is not entitled to relief from the judgment pursuant to Rule 60(b). Rule 60(b) "permits 'a party to seek relief from a final

[1] While the Court acknowledges that *Scharff* is nonprecedential, the Court finds it persuasive.

judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).[2] Upon review, the Plaintiff does not satisfy any of the criteria for Rule 60(b) relief. For these reasons, the Plaintiff's motion is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that the Plaintiff's motion (doc. 19) is DENIED.

This case remains CLOSED.

DONE this 7th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

[2] A court may relieve a party from a judgment "for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The Rule 60(b)(6) "catchall" provision requires a showing of "extraordinary circumstances." *Kemp*, 596 U.S. at 533 (citation omitted).